## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WADE ALFORD,
              Appellant,

      v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
DE-0752-20-0208-I-2
DE-0752-21-0103-I-1

DATE:  March 14, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wade Alford, Casa Grande, Arizona, pro se.

Samuel J. Schmidt, Esquire, Sandy, Utah, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's removals and granted in part and denied in part the appellant's request for corrective action.  For the reasons discussed below, we GRANT the agency's petition for review and DENY the appellant's cross petition for review.  We REVERSE the administrative judge's findings that the appellant proved his affirmative defenses of whistleblower reprisal and race discrimination,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

AFFIRM as MODIFIED the administrative judge's analysis of the appellant's claim of reprisal for equal employment opportunity (EEO) activity to account for the standards announced in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31 ¶¶ 20-22, 30, and AFFIRM the remainder of the initial decision without modification, still REVERSING the appellant's removals.

## BACKGROUND

The agency removed the appellant, a preference eligible City Carrier, effective April 4, 2020, based on the charge of "violation of the [agency] standards of conduct: unacceptable behavior," for his role in a December 12, 2019 workplace altercation with a coworker. *Alford v. U.S. Postal Service*, MSPB Docket No. DE-0752-20-0208-I-1, Initial Appeal File (0208 IAF), Tab 9 at 78-81, 91-96, Tab 10 at 107. The appellant appealed his removal to the Board, to which he argued, among other things, that his removal constituted race discrimination and whistleblower reprisal. 0208 IAF, Tab 1, Tab 11, Tab 17 at 7-10. During the hearing, the administrative judge noted that due process issues would likely result in a reversal of the removal. *Alford v. U.S. Postal Service*, MSPB Docket No. DE-0752-20-0208-I-2, Appeal File (0208 I-2 AF), Tab 29 (Hearing Transcript (HT 1) at 100-02) (colloquy of the administrative judge). Subsequently, the agency filed evidence showing that it had rescinded the decision notice. 0208 IAF, Tab 43 at 7. The administrative judge then dismissed the appeal without prejudice, at the appellant's request. 0208 IAF, Tab 49.

The agency designated a new deciding official and removed the appellant for a second time, effective January 29, 2021, based on the original proposal notice. *Alford v. U.S. Postal Service*, MSPB Docket No. DE-0752-21-0103-I-1, Initial Appeal File (0103 IAF), Tab 9 at 9-13. The appellant filed a new appeal based on the second removal, which the administrative judge joined with the refiled appeal of the appellant's first removal. 0103 IAF, Tabs 1, 14. 0208 I-2 AF, Tab 9. The administrative judge accepted for adjudication the

appellant's affirmative defenses raised in his first removal as defenses to his second removal, and further accepted new defenses the appellant asserted. 0208 I-2 AF, Tab 15 at 15-16, Tab 18.

After reconvening the hearing, the administrative judge issued an initial decision reversing the appellant's removals and granting in part, and denying in part, the appellant's request for corrective action. 0208 I-2 AF, Tab 48, Initial Decision (ID). The administrative judge first found that the appeal of the first removal was not moot because the appellant's affirmative defenses from that removal remained to be adjudicated. ID at 3-4. She then determined that the first deciding official's consideration of the appellant's prior misconduct as an aggravating penalty factor without prior notice to the appellant violated the appellant's due process rights. ID at 4-5. Thus, she found that the first removal must be reversed. ID at 5. Next, the administrative judge found that the agency failed to prove its charge in the second removal action. ID at 7-17. Finally, the administrative judge concluded that the appellant proved his whistleblower reprisal and race discrimination affirmative defenses for both removals, but failed to prove any other affirmative defenses. ID at 17-25. Among other remedies, the administrative judge ordered the agency to provide the appellant with interim relief if either party filed a petition for review. ID at 26-28.

The agency filed a petition for review in which it argues, among other things, that the administrative judge erred in finding that the appellant established his race discrimination and whistleblower reprisal affirmative defenses. Petition for Review (PFR) File, Tab 1. The appellant filed a response and a cross petition for review. PFR File, Tab 8. The agency replied to the appellant's response to its petition for review and responded to the appellant's cross petition for review. PFR File, Tabs 1213. The appellant also filed a petition for enforcement of the administrative judge's interim relief order, to which the agency responded. PFR File, Tabs 2, 4, 11.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency has substantially complied with the interim relief order.</u>

The Board will not entertain a petition for enforcement of an interim relief order before a final decision is issued; rather, it will treat such a petition as a motion to dismiss the agency's petition for review. *Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 7. Accordingly, we consider the appellant's petition for enforcement as a request to dismiss the agency's petition for review.

With its petition for review, the agency submitted evidence that the appellant remained on the agency payroll as a City Carrier, that it determined that it would be unduly disruptive to return him to duty during the pendency of the petition for review, that he was placed on administrative leave beginning June 4, 2022, and that it was processing his back pay for the period from May 19, the date of the initial decision, to June 4, 2022. PFR File, Tab 1 at 30-36. The agency filed additional evidence of its compliance efforts on review. PFR File, Tab 11 at 10-28. The agency thus substantially complied with the interim relief order and the appellant's motion to dismiss the petition for review is denied. *See Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 7 (considering an agency's petition for review when the agency was in the process of providing interim relief when it filed its petition for review).

<u>We affirm the reversals of the agency's removal actions.</u>

We affirm the administrative judge's reversal of the agency's first removal action for due process issues and reversal of the second removal action due to the agency's failure to prove its charge, discerning no reason to disturb the rationales underlying those dispositions. ID at 4-5, 7-17, 25. Although the agency objects to having been required by the administrative judge to prove the elements of a threat charge set forth in *Metz v. Department of the Treasury*, 780 F.2d 1001, 1002 (Fed. Cir. 1986), it raises the objection for the first time on review and fails to show that its objection is based on new and material evidence not previously available despite its due diligence. Rather, because the record shows that the

agency waived its objection during the appeal, we decline to consider it. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Zaborowski v. Department of the Army*, 34 M.S.P.R. 299, 301-02 (1987), *aff'd*, 852 F.2d 1293 (Fed. Cir. 1988) (Table); 0208 I-2 AF, Tab 32 at 6-9.

<u>The appellant failed to prove his affirmative defense of race discrimination.</u>

Since the initial decision was issued, the Board has clarified the standards for proving disparate treatment discrimination. Title VII of the Civil Rights Act of 1964, as amended, requires that actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a); *see Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 31; *Pridgen*, 2022 MSPB 31, ¶ 20. To prove discrimination under Title VII, an appellant must prove that prohibited discrimination was at least a motivating factor in the agency's action. *Pridgen*, 2022 MSPB 31, ¶ 21.

The appellant failed to prove that his race was a motivating factor in his removal. The appellant, who is African American, argued that he was discriminated against on the basis of race because the proposing official in both of his removals and the deciding official in the first removal are Hispanic, while his coworker, who also is Hispanic, was not disciplined. 0208 IAF, Tab 11 at 4-5.

The administrative judge noted the races of the agency officials involved in removing the appellant. ID at 21-22. She then determined that, because the record was silent regarding the difference in treatment between the appellant and his coworker, whom the deciding official in the second removal action conceded at the hearing had used abusive language during the altercation, she "must infer" that the agency was motivated by racial discrimination in its decision to remove the appellant but not discipline the coworker. ID at 22. The administrative judge then found that the proposing and deciding officials ignored certain evidence because they were "determined to find the appellant solely responsible" for the altercation, and that because of the lack of credible evidence to support both

deciding officials' decisions, the appellant established his race discrimination affirmative defense.  ID at 22-23.

The proposing official and both deciding officials testified that, based on their reviews of the agency's evidence, they viewed the appellant as the instigator of, and aggressor in, the altercation, to the point of initiating physical contact. HT 1 at 10-11, 19-24 (testimony of the first deciding official); 0208 I-2 AF, Tab 27, Hearing Transcript 2 (HT 2) at 24-26 (testimony of the second deciding official), 78-79 (testimony of the proposing official).  The witness statements in the agency investigation show no reason to doubt that those officials' understandings of the altercation were genuine.[2]  0208 IAF, Tab 10 at 98-105.

For employees to be deemed similarly situated for purposes of an affirmative defense of discrimination based on disparate treatment, comparators must have engaged in conduct similar to the appellant's without differentiating or mitigating circumstances.  *Hooper v. Department of Interior,* 120 M.S.P.R. 658, ¶ 6 (2014).  Here, the evidence available to the agency at the time of its decisions showed differentiating circumstances between the conduct of the appellant and his coworker.  Thus, the two were not similarly situated.  *See Gregory v. Department of the Army*, 114 M.S.P.R. 607, ¶¶ 43-44 (2010) (finding that a coworker was not similarly situated to an appellant because the coworker's misconduct was not sufficiently similar to the appellant's).  The appellant presented no additional evidence, under the various methods of proof that the Board set forth in *Pridgen,* to show that race was at least a motivating factor in

---

[2] The administrative judge found that the proposing and deciding officials, being "determined to find the appellant solely responsible" for the altercation, ignored written statements of three witnesses purportedly indicating that they did not feel threatened or fear working at the appellant's post office.  ID at 22-23.  However, only one of those three witnesses wrote in a statement that she was not afraid to work in the appellant's post office.  0208 IAF, Tab 10 at 100, 104-105.  Another one of those witnesses wrote that the appellant has anger issues and has had prior confrontations with several employees.  *Id.* at 104.  On the other hand, more than one witness wrote that the appellant's actions aroused feelings of fear.  *Id.* at 98, 103.  The administrative judge's finding that the agency ignored evidence and her depiction of the purportedly ignored evidence were thus erroneous.

the removal. Thus, although we agree with the administrative judge that the agency failed to prove the charge, we also find that the appellant failed to establish his race discrimination affirmative defense. Accordingly, we reverse the administrative judge's finding of race discrimination.

We modify the administrative judge's analysis of the appellant's EEO reprisal affirmative defense to account for the standard articulated in *Pridgen*.

We also modify the administrative judge's analysis of the appellant's EEO reprisal affirmative defense, to which she applied the test announced in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986) in finding that the appellant failed to show that the deciding officials were "in anyway motivated to retaliate against the appellant." ID at 23. In *Pridgen*, 2022 MSPB 31, ¶ 30, we stated that claims of retaliation for opposing discrimination in violation of Title VII are analyzed under the same framework used for Title VII discrimination claims discussed above. The application of the standards articulated in *Pridgen* would not, however, require disturbing the administrative judge's conclusion that the appellant failed to prove his EEO reprisal affirmative defense.

The appellant failed to prove his affirmative defense of whistleblower reprisal.

To prove whistleblower reprisal in a case involving an employee of the U.S. Postal Service, an appellant must show: (1) a protected disclosure was made; (2) the accused official knew of the disclosure; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *See Warren,* 804 F.2d at 656-58; *Mack v. U.S. Postal Service*, 48 M.S.P.R. 617, 621-22 (1991). To establish a genuine nexus, an appellant must show that the adverse action was taken because of his protected activity. *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016). This requires the Board to weigh the severity of the appellant's alleged misconduct against the intensity of the agency's motive to retaliate. *Id*.; *see Warren*, 804 F.2d at 658.

In concluding that the appellant met his burden under the *Warren* test, the administrative judge found that there was direct evidence that the appellant's 2011 Office of the Special Counsel (OSC) complaint played an "essential role" in both decisions to remove the appellant. ID at 19. According to the administrative judge, this evidence consisted of testimony in which the deciding officials agreed with a note the proposing official wrote in support of the proposed removal purportedly stating that the appellant's statements in the investigation of the altercation were less credible because he had made "false or exaggerated" claims in his 2011 OSC complaint. ID at 19-20.

Upon review, we find that the administrative judge misinterpreted this evidence. Looking at the text of the proposing official's note, the reference to "false or exaggerated" statements does not refer to the appellant's allegations in his OSC complaint, but rather to his allegation that management and his coworker conspired to remove him due to past issues, possibly including his EEO activity, OSC complaint, and union activity. 0208 IAF, Tab 9 at 103-04. Consistent with this interpretation of the note, the proposing official testified that he did not know anything about the appellant's accusations in his 2011 OSC complaint, which was "prior to [him]." HT 2 at 105 (testimony of the proposing official). Although both deciding officials testified that they interpreted the "false or exaggerated" language to refer to the appellant's protected activity, namely his 2011 OSC complaint, they also testified that they did not consider the proposing official's statements regarding the appellant's credibility in deciding to remove the appellant. HT 1 at 35-36, 92, 97 (testimony of the first deciding official); HT 2 at 48, 69 (testimony of the second deciding official). Nothing in the record provides any basis to doubt the veracity of this testimony.

Returning to the *Warren* test, the appellant has not shown that he was removed because of his OSC complaint—which was made over 8 years prior to his proposed removal—precluding a finding of genuine nexus. *See Carter v. Small Business Administration*, 61 M.S.P.R. 656, 668-69 (1994) (finding that the

passage of 10 years between an appellant's EEO complaint and her proposed removal supported a lack of genuine nexus); 0208 IAF, Tab 3 at 21, Tab 9 at 91. Even if the proposing or deciding officials could be said to have had some retaliatory motive due to any of the appellant's protected activity, including the 2011 OSC complaint, there is no reason to believe that it outweighed the severity of the appellant's misconduct as depicted in the agency's evidence as discussed, or that the appellant was removed because of that protected activity. *See Pyun v. Social Security Administration*, 111 M.S.P.R. 249, ¶ 14 (2009) (finding that there was no genuine nexus when the inadequacy of the appellant's performance substantially outweighed the intensity of the agency's motive to retaliate, of which there was little evidence). We discern no evidence which would show that the appellant otherwise established his whistleblower reprisal affirmative defense, and we thus reverse the administrative judge's finding that the appellant established that defense.[3]

_____

[3] We decline to consider the agency's claim in its reply to the appellant's response to its petition for review that the administrative judge erred by not dismissing the case on grounds of adjudicatory efficiency because the agency failed to raise the claim in its petition for review. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 8 n.4; 5 C.F.R. § 1201.114(a)(4); PFR File, Tab 12 at 12. In any event, because the appellant's claims adjudicated in his appeal under the Uniformed Services Employment and Reemployment Rights Act differed from those in the present appeal, dismissal on adjudicatory efficiency grounds would be inappropriate. *Alford v. U.S. Postal Service*, MSPB Docket No. DE-4324-20-0132-I-1, Initial Decision (Apr. 16, 2020). Next, regarding the appellant's claim in his cross petition for review that the administrative judge erred in denying an exhibit he filed during the appeal and his motions to file evidence and argument after the record closed, the administrative judge had wide discretion to exclude irrelevant, immaterial, or unduly repetitious evidence. We find that she did not abuse this discretion in excluding the appellant's hearing exhibit, which was not material to the issues in this case. *Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 23; PFR File, Tab 8 at 28-29; 0208 I-2 AF, Tab 16 at 7-34. Further, the administrative judge correctly denied the appellant's motions to admit new evidence or argument because the appellant failed to show that such new evidence or argument was not readily available before the record closed or that it was in rebuttal to new evidence or argument submitted by the agency just before the close of the record. *McClenning v. Department of the Army*, 2022 MSPB 3, ¶ 19; 5 C.F.R. § 1201.59(a)-(c); 0208 I-2 AF, Tabs 43-47.

**ORDER**

We ORDER the agency to cancel both removal actions and restore the appellant to his position effective April 4, 2020. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service Regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

This is the final decision of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113.

## NOTICE TO THE APPELLANT
## REGARDING YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

_____

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

   If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

   Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

   Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.



| | **DEFENSE FINANCE AND ACCOUNTING SERVICE**<br>**Civilian Pay Operations** |
|---|---|

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

<u>Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:</u>

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.